UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAFRUM INTERNATIONAL INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CRORAMA, INC. and ) <br> HUSNAIN ALAMDAR, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 3:14-cv-636 <br><br> **COMPLAINT** <br> **(Jury Demand)** |

Plaintiff Jafrum International Inc. ("Jafrum") brings this action against Defendants Crorama, Inc. ("Crorama") and Husnain Alamdar ("Alamdar") (sometimes referred to collectively as "Defendants"), alleging as follows:

### THE PARTIES

1. Jafrum is a North Carolina corporation with its principal place of business at 3731-A Woodpark Boulevard, Charlotte, North Carolina 28206.

2. Crorama is a California corporation with its principal place of business at 1066 Adel Avenue, Diamond Bar, California 91789.

3. Alamdar is an individual having an address of, and on information and belief, residing at 1066 Adel Avenue, Diamond Bar, California 91789.

### JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

5. This Court has subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

6. Crorama is an importer and seller of motorcycle accessories, including saddlebags, and sells its goods in North Carolina and throughout the United States, for example through its website vikingbags.com.

7. Further, this Court has personal jurisdiction over Defendants because Defendants have established the requisite minimum contacts with the State of North Carolina, and Defendants also have substantial, continuous, and systemic contacts with the State of North Carolina. Upon information and belief, Defendants offer to sell and ship goods into the State of North Carolina, and sell and offer to sell goods into the State of North Carolina to residents of the State of North Carolina and the public at large via telephone orders, and orders taken over Crorama's website. By virtue of these actions, Defendants have purposefully availed themselves of the privilege of conducting business in the State of North Carolina. Moreover, Defendants have sought to enforce their alleged intellectual property rights within the State of North Carolina.

8. Venue is proper in this judicial District under 28 U.S.C. §§1391 and 1400(b) because a substantial part of the events giving rise to Jafrum's claims occurred in this District and Defendants are subject to personal jurisdiction in this District

## FACTS

9. Jafrum has for many years sold motorcycle accessories and apparel, including motorcycle saddlebags.

10. Based on ten patent applications simultaneous filed on March 20, 2013, the United States Patent and Trademark Office ("USPTO") issued the following ten U.S. Design Patents (the "Alamdar Patents"), each entitled "Saddlebag", and each listing Alamdar as the sole inventor (a true and correct copy of each being attached as indicated below):

**Exhibit A**: US Patent D710,599 (the '599 Patent), Ser. No. 29/450,622, issued August 12, 2014.

**Exhibit B**: US Patent D710,600 (the '600 Patent), Ser. No. 29/450,623, issued August 12, 2014.

**Exhibit C**: US Patent D710,601 (the '601 Patent), Ser. No. 29/450,629, issued August 12, 2014.

**Exhibit D**: US Patent D710,602 (the '602 Patent), Ser. No. 29/450,631, issued August 12, 2014.

**Exhibit E**: US Patent D710,603 (the '603 Patent), Ser. No. 29/450,652, issued August 12, 2014.

**Exhibit F**: US Patent D710,604 (the '604 Patent), Ser. No. 29/450,654, issued August 12, 2014.

**Exhibit G**: US Patent D710,605 (the '605 Patent), Ser. No. 29/450,663, issued August 12, 2014.

**Exhibit H**: US Patent D710,606 (the '606 Patent), Ser. No. 29/450,667, issued August 12, 2014.

**Exhibit I**: US Patent D711,093 (the '093 Patent), Ser. No. 29/450,619, issued August 19, 2014.

**Exhibit J**: US Patent D715,045 (the '045 Patent), Ser. No. 29/450,660, issued October 14, 2014.

On information and belief, Crorama is the owner of all right, title and interest in the Alamdar Patents.

11. During prosecution of each of the Alamdar Patents, Defendants, and other individuals associated with the prosecution of the Alamdar Patents, failed to cite material prior

6090586v1 23545.00011                                    3
Case 3:14-cv-00636-DSC   Document 1   Filed 11/17/14   Page 3 of 14

art information, publications and other material showing, among other things, the availability of anticipatory technology more than one year prior to the priority dates of each of the Alamdar Patents. On information and on belief, Defendants, and other individuals associated with the prosecution of the Alamdar Patents, withheld this material prior art information, publications and other information from the USPTO with deceptive intent. As a result, the inventors obtained the Alamdar Patents by knowingly and willfully misrepresenting facts to the USPTO. And, but for this withholding of material prior art, the Alamdar Patents would not have issued.

12. By letter dated December 27, 2012 (Exhibit K), attorney Robert H. Appert, representing Crorama, accused Jafrum of violating the intellectual property rights of Crorama d/b/a Viking Bags. By letter dated January 21, 2013 (Exhibit L), Jafrum's counsel explained to Crorama's counsel that Crorama, unlike Jafrum, was producing replicas of bags sold by a third party, Saddleman. In reply, on March 27, 2013 (Exhibit M), Crorama's counsel cited the patent applications listed above as Exhibits B, C, G, and H. Almost two years later, by letter dated November 10, 2014 (Exhibit N), attorney Dr. Dariush G. Adli, representing Crorama, accused Jafrum of infringing patents allegedly owned by Crorama, namely the patents listed above as Exhibits A, B, C, D, G, H, I, and J.

13. These false and misleading accusations have been repeated to individuals active in the motorcycle accessory and apparel market, and have disparaged Jafrum and its reputation, causing and continuing to cause irreparable harm, for which money damages are inadequate.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '599 Patent)

14. Jafrum incorporates by reference the allegations set forth in paragraphs 1-13 of this Complaint.

15. The '599 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

16. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '599 Patent.

17. Jafrum seeks a judgment declaring that the '599 Patent is invalid and unenforceable.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '600 Patent)**

18. Jafrum incorporates by reference the allegations set forth in paragraphs 1-17 of this Complaint.

19. The '600 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

20. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '600 Patent.

21. Jafrum seeks a judgment declaring that the '600 Patent is invalid and unenforceable.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '601 Patent)**

22. Jafrum incorporates by reference the allegations set forth in paragraphs 1-21 of this Complaint.

23. The '601 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

24. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '601 Patent.

25. Jafrum seeks a judgment declaring that the '601 Patent is invalid and unenforceable.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '602 Patent)

26. Jafrum incorporates by reference the allegations set forth in paragraphs 1-25 of this Complaint.

27. The '602 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

28. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '602 Patent.

29. Jafrum seeks a judgment declaring that the '602 Patent is invalid and unenforceable.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '603 Patent)

30. Jafrum incorporates by reference the allegations set forth in paragraphs 1-29 of this Complaint.

31. The '603 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

32. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '603 Patent.

33. Jafrum seeks a judgment declaring that the '603 Patent is invalid and unenforceable.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '604 Patent)

34. Jafrum incorporates by reference the allegations set forth in paragraphs 1-33 of this Complaint.

35. The '604 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

36. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '604 Patent.

37. Plaintiff seeks a judgment declaring that the '604 Patent is invalid and unenforceable.

## SEVENTH CLAIM FOR RELIEF
(Declaratory Judgment of Invalidity of the '605 Patent)

38. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-37 of this Complaint.

39. The '605 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

40. An immediate, real, and justiciable controversy exists between the Defendants and Plaintiff regarding the validity of the '605 Patent.

41. Jafrum seeks a judgment declaring that the '605 Patent is invalid and unenforceable.

## EIGHTH CLAIM FOR RELIEF
(Declaratory Judgment of Invalidity of the '606 Patent)

42. Jafrum incorporates by reference the allegations set forth in paragraphs 1-41 of this Complaint.

43. The '606 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

44. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '606 Patent.

45. Jafrum seeks a judgment declaring that the '606 Patent is invalid and unenforceable.

### NINTH CLAIM FOR RELIEF
(Declaratory Judgment of Invalidity of the '093 Patent)

46. Jafrum incorporates by reference the allegations set forth in paragraphs 1-45 of this Complaint.

47. The '093 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

48. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '093 Patent.

49. Jafrum seeks a judgment declaring that the '093 Patent is invalid and unenforceable.

### TENTH CLAIM FOR RELIEF
(Declaratory Judgment of Invalidity of the '045 Patent)

50. Jafrum incorporates by reference the allegations set forth in paragraphs 1-49 of this Complaint.

51. The '045 Patent is invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

52. An immediate, real, and justiciable controversy exists between the Defendants and Jafrum regarding the validity of the '045 Patent.

53. Jafrum seeks a judgment declaring that the '045 Patent is invalid and unenforceable.

### ELEVENTH CLAIM FOR RELIEF
(Declaratory Judgment of Non-infringement of the '599 Patent)

54. Jafrum incorporates by reference the allegations set forth in paragraphs 1-53 of this Complaint.

55. Jafrum has not infringed and does not infringe, directly or indirectly, the '599 Patent.

6090586v1 23545.00011

8

Case 3:14-cv-00636-DSC   Document 1   Filed 11/17/14   Page 8 of 14

56. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '599 Patent.

57. Jafrum seeks a judgment declaring that it does not infringe any claim of the '599 Patent.

## TWELFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '600 Patent)

58. Jafrum incorporates by reference the allegations set forth in paragraphs 1-58 of this Complaint.

59. Jafrum has not infringed and does not infringe, directly or indirectly, the '600 Patent.

60. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '600 Patent.

61. Jafrum seeks a judgment declaring that it does not infringe any claim of the '600 Patent.

## THIRTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '601 Patent)

62. Jafrum incorporates by reference the allegations set forth in paragraphs 1-61 of this Complaint.

63. Jafrum has not infringed and does not infringe, directly or indirectly, the '601 Patent.

64. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '601 Patent.

65. Jafrum seeks a judgment declaring that it does not infringe any claim of the '601 Patent.

## FOURTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '602 Patent)

66. Jafrum incorporates by reference the allegations set forth in paragraphs 1-65 of this Complaint.

67. Jafrum has not infringed and does not infringe, directly or indirectly, the '602 Patent.

68. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '602 Patent.

69. Jafrum seeks a judgment declaring that it does not infringe any claim of the '602 Patent.

## FIFTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '603 Patent)

70. Jafrum incorporates by reference the allegations set forth in paragraphs 1-69 of this Complaint.

71. Jafrum has not infringed and does not infringe, directly or indirectly, the '603 Patent.

72. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '603 Patent.

73. Jafrum seeks a judgment declaring that it does not infringe any claim of the '603 Patent.

## SIXTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '604 Patent)

74. Jafrum incorporates by reference the allegations set forth in paragraphs 1-73 of this Complaint.

75. Jafrum has not infringed and does not infringe, directly or indirectly, the '604 Patent.

76. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '604 Patent.

77. Jafrum seeks a judgment declaring that it does not infringe any claim of the '604 Patent.

### SEVENTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '605 Patent)

78. Jafrum incorporates by reference the allegations set forth in paragraphs 1-77 of this Complaint.

79. Jafrum has not infringed and does not infringe, directly or indirectly, the '605 Patent.

80. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '605 Patent.

81. Jafrum seeks a judgment declaring that it does not infringe any claim of the '605 Patent.

### EIGHTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '606 Patent)

82. Jafrum incorporates by reference the allegations set forth in paragraphs 1-81 of this Complaint.

83. Jafrum has not infringed and does not infringe, directly or indirectly, the '606 Patent.

84. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '606 Patent.

85. Jafrum seeks a judgment declaring that it does not infringe any claim of the '606 Patent.

6090586v1 23545.00011

11

Case 3:14-cv-00636-DSC   Document 1   Filed 11/17/14   Page 11 of 14

## NINETEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '093 Patent)

86. Jafrum incorporates by reference the allegations set forth in paragraphs 1-85 of this Complaint.

87. Jafrum has not infringed and does not infringe, directly or indirectly, the '093 Patent.

88. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '093 Patent.

89. Jafrum seeks a judgment declaring that it does not infringe any claim of the '093 Patent.

## TWENTIETH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '045 Patent)

90. Jafrum incorporates by reference the allegations set forth in paragraphs 1-89 of this Complaint.

91. Jafrum has not infringed and does not infringe, directly or indirectly, the '045 Patent.

92. An immediate, real, and justiciable controversy exists between Jafrum and Defendants regarding Jafrum's alleged infringement of the '045 Patent.

93. Jafrum seeks a judgment declaring that it does not infringe any claim of the '045 Patent.

## TWENTY FIRST CLAIM FOR RELIEF
### (Disparagement and Trade Libel)

94. Jafrum incorporates by reference the allegations set forth in paragraphs 1-93 of this Complaint.

95. Defendants have communicated the above false and misleading accusations of infringement of the Alamdar Patents to third parties active in the motorcycle accessories and apparel market.

96. These accusations have disparaged Jafrum and its reputation, causing and continuing to cause irreparable harm, for which money damages are inadequate.

97. Defendants' actions have substantially injured Jafrum and constitute disparagement, trade libel, unfair trade practices, and tortuous interference with commercial advantage.

## PRAYER FOR RELIEF

WHEREFORE, Jafrum prays for judgment and relief as follows:

    A.    Declaring that all of the Alamdar Patents are invalid;

    B.    Declaring that all of the Alamdar Patents are unenforceable;

    C.    Declaring that Jafrum does not infringe any of the Alamdar Patents;

    D.    Declaring that Defendants are not entitled to damages for or injunctive relief against any alleged infringement by Jafrum and/or any of its customers or dealers of the Alamdar Patents;

    E.    An injunction prohibiting Defendants from accusing the present products of Jafrum, or products of Jafrum similar thereto, of infringing the Alamdar Patents;

    F.    Awarding to Jafrum damages for Defendants' disparagement, trade libel, unfair trade practices, and tortuous interference with commercial advantage;

    G.    Finding that this is an exceptional case under 35 U.S.C. § 285;

    H.    Awarding Jafrum its costs and attorneys' fees in connection with this action; and

    I.    Such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Jafrum demands a jury trial on all matters so triable.

This 17th th day of November, 2014.

/s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. Bar No. 20723

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
(704) 377-8380
sdegeorge@rbh.com

Attorneys for Plaintiff Jafrum International, Inc.