UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAFRUM INTERNATIONAL INC. | )<br>)<br>) |
| PLAINTIFF, | ) Civil Action No. 3:14-CV-636<br>) |
| vs. | )<br>) **DEFENDANTS CRORAMA, INC. AND** |
| CRORAMA, INC. and HUSNAIN ALAMDAR | ) **HUSNAIN ALAMDAR'S ANSWER AND**<br>) **COUNTERCLAIMS TO PLAINTIFF'S**<br>) **COMPLAINT** |
| DEFENDANTS. | )<br>) |

Defendants Crorama, Inc. ("CRORAMA") and Husnain Alamdar ("ALAMDAR") (collectively referred to as "DEFENDANTS" hereby set forth their Answer and Counterclaims to Plaintiff Jafrum International Inc.'s ("JAFRUM" or "PLAINTIFF") Complaint ("COMPLAINT"), as follows:

## **ANSWER**

Defendants, responding specifically to each numbered paragraph of Plaintiff's Complaint, answer as follows:

## PARTIES

1. DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the COMPLAINT and, on that basis denies the allegations of that paragraph.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. DEFENDANTS admit that JAFRUM has filed a Declaratory Judgment suit against DEFENDANTS but denies the remaining allegations in Paragraph 4 of PLAINTIFF'S COMPLAINT.

5. Admitted.

6. Admitted.

7. Denied.

8. Denied.

## FACTS

9. DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the COMPLAINT and, on that basis denies the allegations of that paragraph.

10. Admitted.

11. Denied.

12. Admitted.

13. Denied.

## FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '599 Patent)

14. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-13 of the COMPLAINT as though fully set forth herein

15. Denied

16. Denied

17. Denied.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '600 Patent)

18. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-17 of the COMPLAINT as though fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

## THIRD CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '601 Patent)

22. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-21 of the COMPLAINT as though fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

## FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '602 Patent)

26. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-25 of the COMPLAINT as though fully set forth herein.

27. Denied.

28. Denied.

29. Denied

## FIFTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '603 Patent)

30. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-29 of the COMPLAINT as though fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

## SIXTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '604 Patent)

34. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-33 of the COMPLAINT as though fully set forth herein.

35. Denied

36. Denied

37. Denied

## SEVENTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '605 Patent)

38. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-37 of the COMPLAINT as though fully set forth herein.

39. Denied

40. Denied

41. Denied

## EIGHTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '606 Patent)

42. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-41 of the COMPLAINT as though fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

## NINTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '093 Patent)

46. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-45 of the COMPLAINT as though fully set forth herein.

47. Denied

48. Denied

49. Denied

## TENTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '045 Patent)

50. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-49 of the COMPLAINT as though fully set forth herein.

51. Denied

52. Denied

53. Denied

## ELEVENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '599 Patent)

54. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-53 of the COMPLAINT as though fully set forth herein.

55. Denied

56. Denied

57. Denied

## TWELFTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '600 Patent)

58. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-57 of the COMPLAINT as though fully set forth herein.

59. Denied

60. Denied

61. Denied

### THIRTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '601 Patent)

62. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-61 of the COMPLAINT as though fully set forth herein.

63. Denied

64. Denied

65. Denied

### FOURTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '602 Patent)

66. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-65 of the COMPLAINT as though fully set forth herein.

67. Denied

68. Denied

69. Denied

### FIFTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '603 Patent)

70. DEFENDANTS incorporate by reference their answers to each and every allegation set forth in Paragraphs 1-69 of the COMPLAINT as though fully set forth herein.

71. Denied

72. Denied

73. Denied

### SIXTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '604 Patent)

74. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-73 of the COMPLAINT as though fully set forth herein.

75. Denied

76. Denied

77. Denied

### SEVENTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '605 Patent)

78. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-77 of the COMPLAINT as though fully set forth herein.

79. Denied

80. Denied

81. Denied

### EIGHTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '606 Patent)

82. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-81 of the COMPLAINT as though fully set forth herein.

83. Denied

84. Denied

85. Denied

### NINETEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '093 Patent)

86. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-85 of the COMPLAINT as though fully set forth herein.

87. Denied

88. Denied

89. Denied

### TWENTIETH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '045 Patent)

90. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-89 of the COMPLAINT as though fully set forth herein.

91. Denied

92. Denied

93. Denied

## TWENTY-FIRST CLAIM FOR RELIEF

(Disparagement and Trade Libel)

94. DEFENDANTS incorporate by reference its answers to each and every allegation set forth in Paragraphs 1-93 of the COMPLAINT as though fully set forth herein.

95. Denied

96. Denied

97. Denied

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

DEFENDANTS deny that PLAINTIFF is entitled to the relief they request in their Prayer for Relief.

## COUNTERCLAIMS

Defendants CRORAMA, INC. and HUSNAIN ALAMDAR complain and allege the following Counterclaims against PLAINTIFF.

## INTRODUCTION

DEFENDANTS assert its Counterclaims against PLAINTIFF for copyright infringement and patent infringement, and out of PLAINTIFF'S deliberate and intentional assertion of U.S. Patent No. D706,600 ("the 600 Patent") in connection with items made, used, sold or offered for sale by CRORAMA, INC. and its customers.

## PARTIES

1. Counterclaim Plaintiff Crorama, Inc. ('CRORAMA") is a corporation existing under the laws of the State of California.

2. Counterclaim Plaintiff Husnain Alamdar ("ALAMDAR") is an individual residing in the State of California.

3. Upon information and belief, Counterclaim Defendant (COUNTERDEFENDANT or "JAFRUM") is a corporation organized and existing under the laws of North Carolina with the principal place of business at 3731-A Woodpark Boulevard, Charlotte, North Carolina 28206.

4. Counterclaim Plaintiffs CRORAMA and ALAMDAR ("COUNTERCLAIMANTS") bring this COUNTERCLAIM against JAFRUM.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over the claims that relate to patent infringement under 35 U.S.C. § 271 pursuant to 28 U.S.C. § 1331 and 1388(a) and copyright infringement under 17 U.S.C. § 501, *et seq.* as the claims arise under the laws of the United States.

6. This Court has personal jurisdiction over Counterclaim Defendant JAFRUM because JAFRUM's principal place of business in the State of North Carolina and JAFRUM has established the requisite minimum contacts within the State of North Carolina.

7. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and §1400(b) and by virtue of PLAINTIFFS having brought this action here.

# FIRST COUNTERCLAIM

(Copyright Infringement)

8. COUNTERCLAIMANTS re-allege and reassert the allegations set forth in paragraphs 1 to 7, as though fully set forth herein.

9. This Counterclaim for copyright infringement arises under the Copyright Act, 17 U.S.C. § 501 *et seq.*,

10. COUNTERCLAIMANTS are owners of a valid and enforceable copyright in a product user manual ("Copyrighted Work"), which is attached as Exhibit 1.

11. COUNTERCLAIMANTS have complied with the registration requirements of 17 U.S.C. § 411(a) for the Copyrighted Work, and has duly applied for registration of the Copyrighted Work with the U.S. Copyright Office, as identified by SR Application No. 1-2155164211 (Attached as Exhibit 2).

12. COUNTERDEFENDANT'S deliberate copying of COUNTERCLAIMANTS' copyrighted work infringes and continues to infringe COUNTERCLAIMANTS copyright in violation of 17 U.S.C. § 501 (a). COUNTERDEFENDANT'S are directly and indirectly infringing on COUNTERCLAIMANTS exclusive right to reproduce copies, make derivative works, and distribute copies of it copyrighted works under 17 U.S.C. § 106(1)-(3).

13. COUNTERDEFENDANT'S acts have injured COUNTERCLAIMANTS in an amount to be determined at trial.

14. COUNTERCLAIMANTS are being irreparably damaged by COUNTERDEFENDANTS' infringement of COUNTERCLAIMANTS copyright, and have no adequate remedy at law to address the harm COUNTERDEFENDANT is causing.

## SECOND COUNTERCLAIM

(Patent Infringement of the '600 Patent)

15. COUNTERCLAIMANTS re-allege and reassert the allegations set forth in paragraphs 1 to 15, as though fully set forth herein.

16. This Counterclaim is for patent infringement under 35 U.S.C. § 271.

17. COUNTERDEFENDANT through its agents, employees and servants, has knowingly, intentionally and willfully directly infringed and/or induced infringement of the '600 Patent in violation of 35 U.S.C. § 271.

18. COUNTERDEFENDANTS' acts of infringement of the '600 Patent were undertaken without permission or license from COUNTERCLAIMANTS. COUNTERDEFENDANT had actual knowledge and/or constructive knowledge of the '600 Patent, and their actions constitute willful and intentional infringement of the '600 Patent. COUNTERDEFENDANT infringed on the '600 Patent with reckless disregard of COUNTERCLAIMANTS patent rights.

19. COUNTERCLAIMANTS are informed and believe, and thereon alleges, that COUNTERDEFENDANT has derived and received, and will continue to derive and receive, gain, profits, and advantages from COUNTERDEFENDANTS' patent infringement in an amount not presently known to COUNTERCLAIMANTS. COUNTERDEFENDANTS' acts have injured COUNTERCLAIMANTS in an amount to be determined at trial.

20. COUNTERCLAIMANTS are being irreparably damaged by COUNTERDEFENDANTS' infringement of COUNTERCLAIMANTS '600 Patent and have no adequate remedy of law to address the harm COUNTERDEFENDANT is causing.

# **PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, DEFENDANTS/COUNTERCLAIMANTS pray for judgment in their favor as follows:

A. That PLAINTIFF take nothing by reason of their COMPLAINT and that judgment is rendered in favor of DEFENDANT;

B. That PLAINTIFFS violated 17 U.S.C. § 501(a) by infringing DEFENDANTS/COUNTERCLAIMANTS Copyrighted Work.

C. That DEFENDANTS/COUNTERCLAIMANTS be awarded its damages and PLAINTIFF'S profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504.

D. The DEFENDANTS/COUNTERCLAIMANTS be awarded its reasonable costs, expenses, and attorneys fees pursuant to 17 U.S.C. § 504, 15 U.S.C. § 1117, and/or 35 U.S.C. § 285.

E. That PLAINTIFF pays DEFENDANTS/COUNTERCLAIMANTS all damages suffered by DEFENDANTS/COUNTERCLAIMANTS as a result of PLAINTIFF'S infringement of the '600 Patent pursuant to 35 U.S.C. § 284.

F. That DEFENDANTS/COUNTERCLAIMANTS be awarded treble damages and/or exemplary damages because of PLAINTIFF'S willful patent infringement pursuant to 35 U.S.C. § 284.

G. An award of pre-judgment and post-judgment interest and costs of this action against PLAINTIFF, and;

H. For such other relief as the Court deems proper.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DEFENDANT/COUNTERCLAIMANTS demand a trial by jury on all issues.

Respectfully submitted,

/s/ Stephen S. Ashley, Jr.
Stephen S. Ashley, Jr.
N.C. State Bar No. 27,649
ASHLEY LAW FIRM P.C.
10800 Sikes Place, Suite 300
Charlotte, NC 28277
Telephone:  (704) 927-5824
Facsimile:   (704) 927-5924
E-mail:       sa@ashleypatentlaw.com

Dariush G. Adli (admitted *pro hac vice*)
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554
E-mail:       adli@adlilaw.com

*Attorneys for Defendants Crorama, Inc. and Husnain Alamdar*

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

Respectfully submitted,

<u>/s/ Stephen S. Ashley, Jr.</u>
Stephen S. Ashley, Jr.
N.C. State Bar No. 27,649
ASHLEY LAW FIRM P.C.
10800 Sikes Place, Suite 300
Charlotte, NC 28277
Telephone: (704) 927-5824
Facsimile: (704) 927-5924
E-mail: sa@ashleypatentlaw.com