UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JAFRUM INTERNATIONAL INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CRORAMA, INC. AND HUSNAIN ALAMDAR,**<br><br>Defendants/Counterclaimants. | Civil Action No. 3:14-CV-636-MOC<br><br>**PLAINTIFF JAFRUM'S ANSWER TO DEFENDANTS' COUNTERCLAIMS** |

## PLAINTIFF JAFRUM INTERNATIONAL INC.'S
## ANSWER TO DEFENDANTS' COUNTERCLAIMS

Now comes the Plaintiff Jafrum International Inc. ("Jafrum"), and pursuant to the Federal Rules of Civil Procedure, and by and through undersigned counsel, does here provide its Answer to the Counterclaims of Defendants Crorama, Inc. and Husnain Alamdar ("Counterclaimants"), as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. No pleading is necessary to non-allegations as to fact or law.

5. Admitted.

6. Admitted as to personal jurisdiction.

7. Admitted as to venue.

8. No pleading is necessary to an incorporation paragraph.

9. Admitted that counterclaimants purport to plead a cause of action under the Copyright Law, but otherwise denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. No pleading is necessary to an incorporation paragraph.

16. No pleading is necessary to non-allegations as to fact or law.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## AFFIRMATIVE DEFENSES

21. Counterclaimants are entitled to no relief whatsoever, and whether set forth in their "Prayer for Relief" or otherwise.

22. The Counterclaims fail to state a claim upon which relief may be granted.

23. The Counterclaims asserted, and the relief sought in the Counterclaims, are barred by the doctrines of laches, estoppel, waiver and/or acquiescence.

24. Counterclaimants' attempted misapplication of federal law infringes on Jafrum's free speech rights.

25. Counterclaimants' alleged copyright registrations and/or applications to register are invalid, not infringed and unenforceable.

26. Assuming *arguendo* the validity of Counterclaimants' copyright registrations and/or applications to register (which is expressly denied), the Counterclaimants have failed to

attach to the Counterclaims the specimens forming a material portion of their alleged copyright registrations and/or applications to register by which the scope of copyright coverage, if any, could allegedly be measured.

27. On information and belief, the Counterclaimants do not have legal title to the copyright registrations and/or applications to register and/or to the underlying copyright Works, if any, as alleged in the Counterclaims.

28. There have been no acts of copyright infringement or other unlawful conduct by Jafrum.

29. Counterclaimants have suffered no compensable injury.

30. Counterclaimants have failed to mitigate any alleged damages.

31. Counterclaimants have not met the requirements for injunctive or monetary relief.

32. Jafrum has acted in good faith and/or with justification, and any such usages by Jafrum have constituted fair use under the provisions of the Copyright Act.

33. Counterclaimants lack standing, and particularly for any relief under the Copyright Act.

34. On information and belief, the copyright registrations and/or applications to register had been registered or filed upon after substantial work commenced by Jafrum on the accused subject matter, and such dates of commencement were after first publication of the alleged Works of the Counterclaimants and before the effective date of the Counterclaimants' asserted registrations, and such registrations had not been made within three months after the first publication of the work. Thus, pursuant to the provisions of 17 USC 412(2), Counterclaimants are statutorily barred from receiving any statutory damages or attorney's fees with regard thereto.

35. The Counterclaimants were not the author of the allegedly registered or registerable subject matter, as having derived such subject matter from others.

36. The subject Works were not copyrightable to the Counterclaimants as comprising mere copies of works authored by others.

37. On information and belief, the Counterclaimants committed inequitable conduct and/or fraud upon the Copyright Office, *inter alia*, by failing to fulfill their uncompromising duty of full and fair disclosure, and specifically fraudulently withholding the material information that the Counterclaimants were not the authors of the alleged Works.

38. Any claims for punitive damages are precluded or limited under United States law, including preemption by the existence and effect of relevant statutes and/or under the provisions of the United States Constitution.

39. Counterclaimants come before the Court with unclean hands.

40. Counterclaimants have not provided Jafrum or the Court with the alleged actual work(s), and/or deposit copies upon which the copyright registrations and/or applications to register are allegedly based, and therefore the Counterclaims are fatally defective, and that moreover, Jafrum's ability to respond is unfairly limited by Counterclaimants' actions.

41. Under the Copyright Act, all non-protectable elements and content must be filtered from a registered work, which the Counterclaimants have improperly failed to do.

42. Upon information and belief, certain portions of the works alleged to be owned as copyright works of Counterclaimants are so commonly known and in such common use in the public domain as to lack any reasonable level of originality that otherwise would entitle Counterclaimants to claim exclusive United States rights thereto.

43. To the extent that elements of the Works claimed by Counterclaimants and alleged to be protected by copyright coverage are functional or common ideas of a general style, such works are not properly protectable by the copyright registrations alleged in the Counterclaims.

44. Similarities dictated by functional or general style considerations may not be the proper basis of a claim of alleged copyright infringement.

45. To the extent that Works for which Counterclaimants claim copyright coverage are not original, or to the extent that such depictions were derived from standard templates or drawings or depictions of others, such standard detail components fail to qualify as original works of authorship under 17 U.S.C.A. § 102.

46. The Counterclaims are barred by the applicable statutes of limitations.

47. The Counterclaims are barred in whole or part by the Merger Doctrine or *scenes a faire.*

48. Upon information and belief, the Counterclaimants were not the authors of significant and material portions of the alleged Works, and thus are not the lawful owners of such subject matter. And, moreover, the extent of protection under United States Copyright law is subject to the limitations of Article I, Section 8 of the United States Constitution and to the principles of *Barker v. Selden*, 101 U.S. 99 (1879), and accordingly the Counterclaims should be dismissed.

49. Jafrum has and will unjustly incur legal fees and costs in defending the wrongfully-instituted Counterclaims, such that Jafrum has incurred actual and consequential damages, and which should properly be recoverable to Jafrum under Section 505 of the Copyright Act, and/or under the general equitable powers of the Court.

50. Upon information and belief, the subject Works do not constitute works for hire under the Copyright Act, and are thus not lawfully owned by the Counterclaimants.

51. Upon information and belief, the Counterclaimants have been involved in fraudulent behavior.

52. Upon information and belief, the Counterclaimants misappropriated the works of others and fraudulently submitted those works to the Copyright Office as their own.

53. Counterclaimants are not entitled to recover damages for willful infringement because (a) the alleged registrations are invalid, not infringed, and/or unenforceable, and (b) there has been no such willfulness.

54. Jafrum does not make, use, import, sell or offer for sale, and has not made, used, imported, sold, or offered for sale, in the United States any product that infringes any valid claim of the as alleged patent, either directly or indirectly, contributorily or otherwise, and has not induced any others to infringe any valid claims of said patent.

55. The Patent is invalid and cannot form the basis for any claim of infringement, because it fails to meet the requirements of 35 U.S.C. §101.

56. The Patent is invalid and cannot form the basis for any claim of infringement, because it fails to meet the requirements of 35 U.S.C. §102.

57. The Patent is invalid and cannot form the basis for any claim of infringement, because it fails to meet the requirements of 35 U.S.C. §103.

58. The Patent is invalid and cannot form the basis for any claim of infringement, because it fails to meet the requirements of 35 U.S.C. §112.

59. The Patent is invalid and cannot form the basis for any claim of infringement, because it fails to meet the requirements of 35 U.S.C. §115.

60. The Patent is invalid and cannot form the basis for any claim of infringement, because it fails to meet the requirements of 35 U.S.C. §256.

61. Jafrum has not infringed the Patent because the accused products do not employ the inventions claimed in the alleged Patent.

62. The Patent is invalid because the invention was on sale for more than one year prior to the earliest effective filing date.

63. The Counterclaims are barred by prosecution history estoppel because the accused products are not within the scope of the claims of the Patent as demonstrated and limited by the doctrine of prosecution history.

64. On information and belief, the alleged patent is invalid, and cannot form the basis for a claim of infringement, because the purported inventor was not the real inventor, although he falsely claimed that he was the inventor of the subject matter thereof.

65. On information and belief, the alleged patent was procured through inequitable conduct, rendering the patent unenforceable. More specifically, the alleged patent is wholly invalid, and cannot form the basis for a claim of infringement, because the alleged inventor, counsel, and/or those individuals who were involved in the preparation or prosecution of the patent application leading to issuance of the alleged patent failed to fulfill their duty of candor and good faith to the U.S. Patent and Trademark Office by failing to identify and/or concealing the correct inventors, and/or by failing to provide and/or by mischaracterizing information and/or prior art that was material to the examination of said application.

66. The Counterclaims are, in whole or in part, barred by the statute of limitations pursuant to 35 U.S.C. §286.

67. The Counterclaims are barred pursuant to 35 U.S.C. §287.

68. Counterclaimants are guilty of laches, delay, and/or are estopped from asserting infringement of the alleged Patent for failure to timely bring an action therefore and with prudence to and reliance by Jafrum thereon.

69. On information and belief, the alleged Patent is unenforceable because Counterclaimants and/or the owner of the patent in question have engaged in patent misuse in connection with the enforcement, licensing, or attempted enforcement and/or licensing thereof.

70. The Counterclaims are barred by pass-through license and implied license.

71. Jafrum reserves the right to assert any other defenses that may be available to it and/or that are subsequently discovered.

72. To the extent Counterclaimants did not properly mark a patent notice on their products or packaging, damages are limited by 35 U.S.C. § 287.

## JURY DEMAND

73. Jafrum demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Jafrum prays that:

a. Counterclaimants take nothing by reason of their Counterclaims and that judgment be rendered in favor of Jafrum;

b. that Counterclaimants' alleged copyright and patent be declared invalid, not infringed and unenforceable;

c. The Court deny to Counterclaimants any and all injunctive and/or monetary relief;

d. Jafrum be awarded its costs incurred in defense of the Counterclaims;

e. Jafrum be deemed the prevailing party under the provisions of the Copyright Act, and that Jafrum receive its costs including reasonable attorney's fee based thereon;

f. Jafrum be awarded its attorney's fees by state statute or otherwise as allowed by law, including the Patent Act and the inherent power of the Court to prevent injustice; and

g. The Court grant such other an additional relief as the Court deems just.

This 25th day of February, 2015.

>Respectfully submitted,
>
>*/s/ R. Steven DeGeorge*
>R. Steven DeGeorge
>N.C. No. 20723
>
>ROBINSON BRADSHAW & HINSON
>101 North Tryon Street, Suite 1900
>Charlotte, NC 28246
>Phone: 704.377.8380
>Email: sdegeorge@rbh.com
>
>
>Robert M. Ward
>(subject to *pro hac vice*)
>DILWORTH IP, LLC
>The Pinnacle
>3455 Peachtree Road NE, 5th Floor
>Atlanta, GA 30326
>Phone 404-606-6480
>Email: rward@dilworthip.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 25, 2015, a copy of the foregoing document was electronically filed with the Court's CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ R. Steven DeGeorge*