# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAFRUM INTERNATIONAL INC. | )<br>)<br>) |
| PLAINTIFF, | )<br>) |
| vs. | ) Case No. 3:14-CV-636<br>) |
| CRORAMA, INC. and HUSNAIN ALAMDAR | )<br>)<br>)<br>) |
| DEFENDANTS. | )<br>) |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants CRORAMA, INC. and HUSNAIN ALAMDAR ("Defendants") respectfully submit to the Court the following Reply Brief in support of their amended motion, pursuant to Fed. Rule of Civ. Proc. §12(b)(1), for an order dismissing Claim Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, and 20 of Plaintiff's Complaint for lack of subject matter jurisdiction.

### I. PLAINTIFF'S RESPONSE CONTAINS NO LEGAL FOUNDATION OR AUTHORITY FOR PLAINTIFF'S POSITION

Claim Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, and 20 ("Disputed Claims") of Plaintiff's Complaint have been rendered moot by Defendant CRORAMA providing to Plaintiff a covenant not to sue as to nine of the ten patents on which the Complaint is founded. Claim Nos. 2, 12 and 21 remain as the only Claims on which Plaintiff could receive relief by way of an award from the Court.

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) supports Defendants' assertion that Plaintiff cannot establish subject matter jurisdiction on the Disputed Claims in light of Defendants' covenant not to sue. Plaintiff acknowledges *Super Sack's* standing as the controlling case, but demands that the Court reject the holding of *Super Sack*. *Super Sack* does not support Plaintiff's position.

In *Super Sack*, plaintiff contested the breadth of defendant's promise not to sue, **and** asserted additional issues raised such as invalidity - or, in this case, unenforceability - were separately viable even in light of the promise to not sue. The Court in *Super Sack* found that plaintiff's - and this Plaintiff's - position to be unsupported; the legal support cited by plaintiff in *Super Sack* was held to not support that proposition.

Plaintiff's assertion in the Response also lacks legal support. Plaintiff offers no legal support for its position, but then demands this Court retain jurisdiction over invalidity. Plaintiff's demand of this Court appears to be for the sole purpose of permitting Plaintiff to make an argument for recovery of attorney fees. Footnote 1 of the Response (p. 2) blatantly requests a trade - payment from Defendants for Plaintiff's attorney fees and costs claims.

Defendants' Amended Motion does not request any relief as to issues of attorney fees. Defendants simply point out that subject matter jurisdiction no longer exists as the covenant not to sue removed, as to 9 of the 10 patents, 1) any present explicit threat, and 2) any present activity which could constitute infringement. Plaintiff is unable to establish an actual controversy as to the 18 Disputed Claims. Those Disputed Claims should be dismissed for lack of subject matter jurisdiction.

Plaintiff wrongfully cites to *Monsanto Co. v. Bayer Bioscience NV*, 514 F.3d 1229 (Fed. Cir. 2008) for the proposition that the District Court may retain jurisdiction over a declaratory judgment action for the purpose of later awarding attorney fees under 35 U.S.C. §285. The *Monsanto* opinion provides no such holding.

In *Monsanto*, the Court identified that the district court had properly ruled that a single patent was unenforceable by inequitable conduct. The district court had made its

finding of inequitable conduct *after a four day bench trial on inequitable conduct*. *See Monsanto Co.*, 514 F.3d at 1233. The district court then issued an award of attorney fees and costs pursuant to 35 U.S.C. §285. As other patents of dismissed declaratory relief actions were part of a family of patents with the unenforceable patent, the district court held that all such patents were unenforceable. Here, the Court has made no such finding of inequitable conduct of any patents. In fact, Plaintiff has not even engaged in any discovery at all in this case.

Monsanto does not provide this Court with a separate legal justification to retain jurisdiction, partial or full, as to the Disputed Claims. This Amended Motion does not seek to prevent Plaintiff from pursuing a declaration of unenforceability of the remaining patent at issue based on inequitable conduct, and seeking any relief that would be available as a result of a declaration of unenforceability based on inequitable conduct.

## II.  CONCLUSION

Plaintiff's Response seeks to focus this Court's attention away from subject matter jurisdiction. The arguments and assertions are not relevant to the motion nor are they supported by legal authority. For all these reasons and the reasons set forth in the Amended Motion, Defendants respectfully ask this Court to dismiss Claim Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, and 20 from Plaintiff's Complaint.

Respectfully submitted, this the 20th day of November, 2015.

/s/ Stephen S. Ashley, Jr.
Stephen S. Ashley, Jr.
N.C. State Bar No. 27649
ASHLEY LAW FIRM P.C.
10800 Sikes Place, Suite 100
Charlotte, NC 28277
Telephone: (704) 847-1300
Facsimile: (704) 847-1301
E-mail: sa@ashleypatentlaw.com

Dariush G. Adli (admitted *pro hac vice*)
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554
E-mail: adli@adlilaw.com

*Attorneys for Defendants Crorama, Inc. and Husnain Alamdar*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2015, I caused the foregoing Reply Brief in support of Defendants' Amended Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

Respectfully submitted,

/s/ Stephen S. Ashley, Jr.
Stephen S. Ashley, Jr.
N.C. State Bar No. 27649
ASHLEY LAW FIRM P.C.
10800 Sikes Place, Suite 100
Charlotte, NC 28277
Telephone: (704) 847-1300
Facsimile: (704) 847-1301
E-mail: sa@ashleypatentlaw.com